K. T. LAMB, Receiver, Appellee, v. S. BONESTEEL, Appellant.

CORPORATIONS: Liability for Corporate Debts—Unpaid Stock
1   Subscription. A subscriber to corporate stock, induced to become such by fraud, is not liable for his unpaid subscription to a receiver of the company, after its insolvency, except as to claims in the receiver's hands, to be satisfied out of the corporate assets that accrued after the subscriber had obligated himself as a stockholder.

CORPORATIONS: Liability for Corporate Debts—Claims Accruing
2   after Stock Subscription—Presumptions. It is not to be presumed that there are claims in the hands of the receiver of an insolvent corporation that accrued after a subscriber to its corporate stock obligated himself as a stockholder, from the mere general statement or proof that the corporation was insolvent when the receiver was appointed.

APPEAL AND ERROR: Reservation of Grounds—Belated Objections.
3   An objection of alleged laches of the defendant, in failing to discover fraud and demand rescission before he was sued on a contract, raised for the first time in the Supreme Court, cannot be considered as affecting the merits of defendant's appeal.

*Appeal from Linn District Court.*—MILO P'. SMITH, Judge.

JULY 7, 1919.

ACTION at law to recover upon a subscription for shares of the capital stock of the Iowa Mercantile Company. There was a directed verdict and judgment for the plaintiff, and the defendant appeals.—*Reversed.*

*Redmond & Stewart,* for appellant.

*Crissman & Linville,* for appellee.

WEAVER, J.—The Iowa Mercantile Company was organized in April, 1915, and in September, 1916, it was placed in the hands of a receiver, and found to be insolvent. In April, 1916, about five months before the appointment of the receiver, the corporation or its alleged agents secured from the defendant in this case his subscription for shares of its capital stock, to the par value of $1,500. For this amount he gave his two promissory notes, neither of which was paid when the proceedings for a receivership were begun. Thereafter, the receiver began this action to recover the amount of said subscription.

At the outset, and by amendment to his petition, he declared in separate counts upon the subscription contract and also upon the notes; but before final submission, the action upon the notes was withdrawn or dismissed, and the demand for a recovery was left to rest upon the original subscription agreement.

The defendant admitted making the subscription, and pleaded and sought to prove that it had been obtained from him by the fraud and false representations made to him by the corporation and its agents, with respect to its business and its financial condition. The plaintiff demurred to the answer, stating as the only ground thereof that the alleged fraud in the procurement of the subscription constituted

no defense to an action thereon by the receiver. This demurrer was sustained by the court, and the defendant elected to stand on his defense as pleaded.

For some reason, judgment was not entered at once on the demurrer, and thereafter, a jury was empaneled, and the receiver, as a witness in his own behalf, testified to his appointment, and to the fact that he found the corporation to be insolvent, and that the stock subscribed by defendant had not been paid for.

In defense, the defendant offered to prove the fraud and false representations alleged in the answer; but all evidence as to the negotiations between him and the corporation and its agents, the representations made by them, and the truth or falsity thereof, was excluded on the objection above stated, that none of these matters may be pleaded or proved as against the receiver. Upon this state of the record, a verdict was directed for the plaintiff, and judgment entered accordingly.

The defendant makes the point at the outset that this case is ruled by our opinion in *Independent Van & Storage Co. v. Iowa Mercantile Co.*, 184 Iowa 154, a case involving a subscription to the stock of the same corporation; and unless we are to depart from the rule there followed, we think the contention is well founded. It is true that the holding there announced is, to some extent, at variance with what is usually spoken of as the "English rule," the authority of which has been recognized by the courts of some states; but the position taken by us in the cited case is in harmony with the precedents established in many jurisdictions, and is essentially fair and just. It ought to require no argument to uphold the proposition that a corporate wrongdoer shall not be permitted to capitalize its fraud for its own benefit or for the benefit of its creditors, unless it be where the circumstances are such as to

1. CORPORATIONS: liability for corporate debts: unpaid stock subscription.

bring the innocent victim of the fraud within the scope of the equitable rule which requires him to bear the burden in preference to a third person who has been misled by his act or omission to act.

The effect of our holding in the case referred to is to recognize the liability of the defrauded party on his subscription when it is shown "that there are claims in the hands of the receiver to be satisfied out of the corporate assets, that accrued after the subscriber had obligated himself as a stockholder;" and that this circumstance or situation is not to be presumed from the mere general statement or proof that the concern was insolvent when the receiver was appointed.

2. CORPORATIONS: liability for corporate debts: claims accruing after stock subscription: presumptions.

The appellee seeks to distinguish the instant cases from the one cited, by pointing out what he terms the laches of the defendant in failing to discover the alleged fraud and demand rescission until he was sued on his contract. But the objection based on the alleged laches of the defendant is raised for the first time in this court, and is not to be considered as affecting the merits of the defendant's appeal. Laches is a comparative term, and the plea or objection based thereon has more or less force, according to the various circumstances attending the transaction in question, and ordinarily is not to be summarily disposed of as a matter of law. In the court below, the demurrer to the answer was not grounded upon the delay or laches of the defendant, but upon the legal proposition that, in an action by a receiver to recover on a stock subscription, the fraud of the corporation in obtaining such subscription cannot be pleaded or shown in defense. Such, also, was the sole objection to the testimony offered by the defendant; and this, we think, presents a perfect parallel

3. APPEAL AND ERROR: reservation of grounds: belated objections.

with the *Independent Van & Storage Company's* case and is to be governed thereby.

As we have already noted, that decision had not yet been announced when this case was tried below, and the extent to which the so-called "English rule" governed the liability of subscribers to corporate stock had not been definitely settled or limited in this state. The judgment appealed from has the support of many authorities; but, as the question was still, to some extent, an open one in this jurisdiction, we have felt justified in adopting the rule which seems most in harmony with sound principle.

It follows that the defendant's exceptions to the rulings of the trial court must be sustained, and the cause remanded for further proceedings in harmony with this opinion. The judgment appealed from is reversed, and the directed verdict is set aside.—*Reversed.*

LADD, C. J., GAYNOR and STEVENS, JJ., concur.